LETOMIA of Olosega, Plaintiff

v.

SEKOTI of Olosega, Defendant

## No. 6-1937

## High Court of American Samoa

### Civil Jurisdiction, Trial Division

[Matai Name: "Tupa'i" of Olosega]

## March 10, 1938

A. A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* NUA, *District Judge*

### DECISION

This litigation involves the right to the matai name Tupa'i. Sekoti filed for the name and Letomia filed an objection and became a candidate for the name. Formerly the law was to the effect that the High Court in deciding a matai name case should award the title to the candidate with the best hereditary right. The 1937 Fono passed a

resolution, later approved by the Governor, that the High Court in the trial of matai name cases should be guided by the following in the priority listed:

1. The wish of the majority of the family.

2. The forcefulness, character, personality and leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary; otherwise, the male descendant shall prevail.

4. The value of the holder of the matai name to the Government of American Samoa.

This is the law now.

At the outset it should be stated that the Court does not make the law. The Court takes the law as it finds it, deduces the facts from the evidence, and then applies the law to the facts, and thereby reaches a decision.

The first issue to be considered in connection with the two candidates for the name is the wish of the majority of the family. Petitions signed by various members of the family were filed in the case and introduced in evidence at the trial. On Sekoti's petition asking that he be given the name there were 69 signers. On Letomia's 15 signers. Letomia objected to five of the signers on Sekoti's petition, claiming that these five were not members of the family; however, Letomia admitted at the trial that all the remaining 64 signatures were properly on the petition for Sekoti. It is not necessary for the Court to determine whether the five names objected to should be counted or not. Conceding for the sake of argument, but not deciding, that all five should be excluded, Sekoti still has more than four times as many names on his petition as Letomia. It is apparent therefore, that a great majority of the family desire Sekoti to be the matai and only a small minority

desire Letomia. On the issue of the wish of the majority of the family Sekoti's right to the name is decidedly superior to that of Letomia.

On the issue of forcefulness, character, personality and leadership the evidence shows that there is not a great deal of difference between the candidates. However, on this issue we think that the scales favor Sekoti to some extent because his education is superior to that of Letomia. From the evidence it appears that Letomia attended school only about three years. Sekoti it appears attended the Pastors School and was in the sixth grade. From the standpoint of education Sekoti should be better qualified for leadership than Letomia and the Court so finds on this issue.

On the issue of value to the Government of American Samoa the Court finds from the evidence that both candidates stand on substantially the same basis.

■ On the sole remaining issue to be considered, that of best hereditary right, it appears from the evidence that Sekoti's mother's brother held the name Tupa'i. In other words Sekoti is a nephew of a holder of the name. The genealogy of Letomia which was introduced in evidence shows that he is a grandson of Tupa'i Lolo. The Court finds that it is not necessary to decide whether Sekoti, a nephew of a Tupa'i has a better hereditary right to the name than Letomia, the grandson of a Tupa'i. Let it be conceded for the sake of argument that Letomia has the better hereditary right, still he would not be entitled to the name under the new 1937 law. The Court must in deciding a matai name case give more weight to the wish of the majority of the family than to the matter of best hereditary right. The law clearly means, since it states that the matters to be considered by the Court are to be considered in the priority listed, that the wish of the majority of the family in favor of one candidate shall be given more weight than the better hereditary right in the

other candidate. In other words if one candidate has the majority of the family with him and his rival candidate has the better hereditary right to the name, then, other things being equal, the Court must under the law award the name to the candidate who has the majority of the family with him.

Also the law means that, other things being equal, a candidate who prevails on the second issue will prevail over a candidate with the better hereditary right, for the Court must give more weight to forcefulness, character, personality and leadership than to the best hereditary right.

Since the Court has already decided that the evidence shows that a great majority of the family desire Sekoti, and that Sekoti has the superior right on the issue of forcefulness, character, personality and leadership, it follows that he is entitled to the name even if it be admitted for the sake of argument that Letomia has the better hereditary right. It is decided that whether he has or not, still Sekoti is entitled to the name because he has the majority of the family with him and also prevails over Letomia on the second issue.

The Court has already stated that it finds that both candidates stand on substantially the same basis as far as the issue of value to the Government of American Samoa is concerned.

Then to sum up, Sekoti prevails over Letomia on the first two issues, and stands on an equal footing with him on the fourth issue, and as a consequence it follows that Sekoti is entitled to the name whether Letomia has the better hereditary right or not.

The Court therefore, decides that Sekoti is entitled to the matai name Tupa'i. The Clerk of the High Court will advise the Attorney General to register Sekoti for the

name. Costs of $25.00 are hereby assessed against Letomia, the same to be paid within 60 days.